**Opinion issued March 14, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00839-CR

———————————

**DANIEL ORTEGA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 2176152**

---

## MEMORANDUM OPINION

Appellant, Daniel Ortega, pleaded guilty to the Class A misdemeanor offense of driving while intoxicated with a blood alcohol concentration level greater than 0.15, with an agreed punishment recommendation of sixty days' confinement in

county jail, with two days credit.[1]  In accordance with his plea bargain with the State, the trial court found appellant guilty and assessed his punishment at sixty days' confinement in county jail, with two days credit, on August 9, 2018.[2]  The trial court certified that this was a plea-bargained case and that appellant had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).  Appellant timely filed a notice of appeal.  *See* TEX. R. APP. P. 26.2(a)(1).  The State filed a motion to dismiss this appeal for want of jurisdiction and, after we requested a response, the appellant filed a response consenting to the dismissal.  We agree and grant the motion to dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification stated that this was a plea-bargained case and that appellant had no right of appeal, and the trial court did not give its

---

[1]     *See* TEX. PEN. CODE ANN. § 49.04(a), (d) (West 2011).

[2]     *See* TEX. PENAL CODE ANN. § 12.21(2) (West 2011).

permission to appeal any matters.  *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615.  The clerk's record, filed in this Court including the plea waiver, supports the trial court's certification.  *See Dears*, 154 S.W.3d at 615.  Because appellant has no right of appeal, we must dismiss this appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we grant the State's motion and dismiss this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Landau.

Do not publish.   TEX. R. APP. P. 47.2(b).